FILED
2011 JUN 28 PM 1:58
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONNA R. BATCHELOR,

Plaintiff,

vs.

Case No.: 6:11-cv-1071-Orl-31GJK

GEICO CASUALTY COMPANY,
a foreign corporation,

Defendant.

_______________________________________/

**GEICO'S NOTICE OF REMOVAL**
**WITH INCORPORATED MEMORANDUM OF LAW**

Defendant/Petitioner GEICO CASUALTY COMPANY ("GEICO"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 1441, respectfully petitions this Court for the removal of the above-captioned action from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida to the United States District Court for the Middle District of Florida, Orlando Division. In support of this Petition, GEICO states as follows:

1. On or about May 9, 2011, DONNA R. BATCHELOR ("Plaintiff") served upon GEICO her Motion to Amend Complaint and her proposed Amended Complaint, in which Plaintiff set forth bad faith allegations against GEICO.

2. Upon information and belief, Plaintiff is a citizen of the State of Florida.

3. GEICO is incorporated in the State of Maryland, with its principal place of business in Chevy Chase, Maryland. Therefore, GEICO is a citizen of the State of Maryland.

4. In the action that forms the basis for the present litigation ("the underlying action"), Plaintiff made a claim against GEICO for uninsured motorist coverage relating to injuries she

sustained from a motor vehicle accident which occurred on March 5, 2005. The underlying action resulted in verdict against GEICO in the amount of $1,792,674.84.

5. The amount in controversy in the present action exceeds $75,000.

6. GEICO's Notice of Removal has been filed within thirty days of the state court's granting of Plaintiff's Motion to Amend Complaint, in accordance with 28 U.S.C. § 1446.

7. A true and legible copy of Plaintiff's Amended Complaint served upon GEICO in the state court proceedings is submitted herewith as required by 28 U.S.C. § 1446(a). Plaintiff's Amended Complaint is attached hereto as Exhibit "A."

8. GEICO has paid the removal fee contemporaneously with the filing of this Notice of Removal.

**MEMORANDUM OF LAW**

The statutory requirements for removal of the present matter from state court to the United States District Court for the Middle District of Florida, Orlando Division, have been met. Any civil action brought in state court may be removed to federal court by the defendant(s) if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp.2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, none of the properly joined and served defendants can be a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b). The matter in controversy must be between citizens of different states. *See* 28 U.S.C. § 1332. Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, that is to say,

the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs, the only remaining question is whether the removing party has satisfied the procedural requirements for removal. According to 28 U.S.C. § 1446, "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... " 28 U.S.C. § 1446(b); *see also Liebig v. DeJoy*, 814 F.Supp. 1074 (M.D.Fla. 1993). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action. " 28 U.S.C. § 1446(b).

Removal is proper despite more than one year passing between the commencement of an underlying UM action and the addition of a bad faith claim. The present law in the United States District Court for the Middle District of Florida states that a "bad faith claim is a cause of action 'separate and independent of the underlying UM claim.'" *See Love v. Property & Cas. Ins. Co. of Hartford*, 2010 WL 2836172 (M.D. Fla. July 16, 2010); *Lahey v. State Farm Mut. Auto. Ins. Co.*, Not Reported in F.Supp.2d, 2007 WL 2029334 (M.D. Fla. July 11, 2007); *see also Allstate Ins. Co. v. Jenkins*, 32 So.3d 163, 164 (Fla. 5th DCA 2010). The *Love* Court recognized that this conclusion is well-grounded in Florida law. *Love*, 2010 WL 2836172, at *2; *see Dadeland Depot Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So.2d 1216, 1235 (Fla. 2006)("[A] claim arising from bad faith is grounded upon the legal duty to act in good faith, and is thus separate and independent of the claim

arising from the contractual obligation to perform."). A bad faith claim does not even accrue until the conclusion of the underlying UM case. *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So.2d 1289, 1291 (Fla. 1991)("[A]n insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits."). Thus, "a bad faith cause of action is separately removable upon service of 'the initial pleading setting forth the claim for relief' upon which the bad faith action is based." *Love*, 2010 WL 2836172, at *3 (*citing* 28 U.S.C. § 1446(b))(finding that the insurance company's removal of the bad faith claim added by way of a post-judgment amended complaint was timely and proper as the one year period to remove the bad faith action began when the bad faith claim was added, not when the original UM action was filed); *Lahey*, 2007 WL 2029334, at *1-2; *Curran v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2003157, at * 2-3 (M.D. Fla. July 2, 2009); *Jenkins v. Allstate Ins. Co.*, 2008 WL 4934030, at *2 (M.D. Fla. Nov. 12, 2008); *Moss v. GEICO Indem. Co.*, No. 5:10-cv-104-Oc-10GRJ, Dkt. 14 (M.D. Fla. May 24, 2010), adopted, Dkt. 22 (June 24, 2010)(determining that the bad faith claim under Florida law should be considered a separate action and that GEICO's removal of the bad faith claim was thus timely under 28 U.S.C. § 1446(b)); *Parks v. State Farm Mut. Auto. Ins. Co.*, No. 8:06-cv-811-T-26MSS, Dkt. 13 (M.D. Fla. June 20, 2006)). Because Plaintiff's bad faith claim may be properly removed independent of the underlying UM action, the one year limitation contained in 28 U.S.C. § 1446(b) is not implicated in the present case, and GEICO may appropriately remove the bad faith claim to federal court.

The **majority** of courts hold that the thirty day removal period contained in 28 U.S.C. § 1446(b) does not commence until either the Motion to Amend the Complaint is granted, or upon the

actual filing of the Amended Complaint, and not upon the filing of the Motion to Amend the Complaint. *See e.g. Lahey v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 1766764 (M.D. Fla. 2008)(concluding that the date the state court *granted* the plaintiff's Motion for Leave to Amend the Complaint triggered the 30 day removal period); *May v. J.D. Chandler Roofing Co.*, 2005 WL 1349110, *4 (E.D. Mich. May 12, 2005)(observing the majority rule that a motion to amend does not trigger the thirty day deadline when there is no ability to amend as a matter of right); *Desmond v. BankAmerica Corp.*, 120 F.Supp.2d 1201, 1204 (N.D. Cal. 2000)("[R]emoval jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative."); *Douklias v. Teacher's Ins. & Annuity Ass'n*, 35 F.Supp.2d 612 (W.D. Tenn. 1999)(adopting the majority view that the 30 day period commences upon either the granting of the motion to amend or the actual filing of the amended complaint, and noting that "at the very least, the motion first must be granted."); *Sullivan v. Conway*, 157 F.3d 1092 (7th Cir. 1998)(noting that until the state judge granted the motion to amend, there was no basis for removal because until the motion to amend was granted, the complaint did not state a claim that was removable and stating "[w]hen the motion was granted, the case first became removable."); *Crump v. Wal-Mart Group Health Plan*, 925 F.Supp. 1214 (W.D.Ky. 1996)(adhering to the majority position that the time for removal begins to run when the state court hearing the case *grants* the motion to amend, and stating that only *after* the state court grants the motion can it be ascertained by the defendant that the case is one which is or has become removable.); *Schoonover v. W. Am. Ins. Co.*, 665 F.Supp. 511, 514 (S.D. Miss. 1987)(opining that the motion to amend did not show that the case had become removable because the state court retained discretion to deny the motion for leave to amend). The majority of courts reason that the mere filing of a Motion to Amend, when there is no ability to amend as a matter of right, does not

make the case removable because the possibility remains that the court may, in its discretion, deny the Motion to Amend. *Id.* While a defendant may speculate that a plaintiff intends to assert a removable claim, that speculation has no practical significance until the claim is a reality. That is to say, there is no claim to support removal until the Motion to Amend Complaint is actually granted. Thus, the state court's granting of Plaintiff's Motion to Amend, or the actual filing of Plaintiff's Amended Complaint, is what triggers the thirty day removal period contained in 28 U.S.C. § 1446(b).

The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla 1978). GEICO has met the statutory requirements for removal to federal court; therefore, removal is proper. First, there is complete diversity of citizenship among the parties. Upon information and belief, Plaintiff is a citizen of the State of Florida, while the only Defendant, GEICO, is a citizen of Maryland. In addition, the statutory requirement that the amount in controversy exceed $75,000 has been met as GEICO reasonably believes that Plaintiff seeks recovery of, *inter alia*, the verdict in the underlying action, which exceeds $75,000. *See* Plaintiff's Amended Complaint at ¶ 24. Finally, a bad faith cause of action is separately removable upon service of the initial pleading setting forth the claim for relief upon which the bad faith action is based. Plaintiff's Amended Complaint is the initial pleading setting forth the removable bad faith cause of action, and the majority view holds that the thirty day removal period commences with either the granting of Plaintiff's Motion to Amend Complaint, or the actual filing of Plaintiff's Amended Complaint. Thus, GEICO has met the requirement that the Notice of Removal be filed within thirty days of the granting of Plaintiff's Motion to Amend Complaint, or the filing of Plaintiff's Amended Complaint, as Plaintiff's Motion

to Amend Complaint was granted on June 8, 2011, and GEICO has filed the present Notice of Removal within thirty days thereafter.

**WHEREFORE**, Defendant/Petitioner GEICO CASUALTY COMPANY respectfully requests that the action now pending against it in the Circuit Court in and for Brevard County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief as this Court deems just and appropriate.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ **ADAM A. DUKE**
**B. RICHARD YOUNG**
Florida Bar No. 442682
**ADAM A. DUKE**
Florida Bar No.: 0055734
Young, Bill, Fugett & Roumbos, P.A.
P.O. Drawer 1070
Pensacola, FL 32591-1070
(850) 432-2222 / 432-1444 - facsimile
ryoung@flalawyer.net
aduke@flalawyer.net
Attorneys for Defendant

**SERVICE LIST**
**Donna R. Batchelor v. GEICO Casualty Company**
**Case No.:**
**United States District Court, Middle District of Florida**

O. John Alpizar, Esq.
Alpizar Law, LLC
1528 Palm Bay Road, N.E.
Palm Bay, FL 32905
john@alpizarlaw.com
Attorney for Plaintiffs
Via Notice of Electronic Filing, facsimile and U.S. Mail