IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO.
05-2005-CA-028654-XXXX-XX

DONNA R. BATCHELOR,

Plaintiffs,

vs.

GEICO CASUALTY COMPANY, a foreign corporation,

Defendant.
______________________________/

**AMENDED COMPLAINT**

Plaintiff, DONNA R. BATCHELOR, sues Defendant, GEICO CASUALTY COMPANY, a foreign corporation, and allege as follows:

**GENERAL ALLEGATIONS**

1. This is an action for damages exceeding the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

2. At all times material to this cause of action, the Defendant, GEICO CASUALTY COMPANY, was a foreign insurance corporation authorized to and doing business in the State of Florida, more specifically within Brevard County, Florida.

3. Defendant, GEICO CASUALTY COMPANY, has, and had at all times material to the matters alleged herein, an agent or other representative transacting business in Brevard County, Florida.

4. Prior to and on March 5, 2005, Plaintiff, DONNA R. BATCHELOR, was a party to a contract of automobile insurance, providing "uninsured/ underinsured" motorist coverage in that Defendant, GEICO CASUALTY COMPANY, had issued an insurance policy

EXHIBIT # A

to Plaintiff, DONNA R. BATCHELOR, which was in full force and effect on or about March 5, 2005. (The actual policy of insurance is believed to be in the possession of Defendant, GEICO CASUALTY COMPANY, however, a copy of said policy is attached hereto as Exhibit "A".

5. On or about March 5, 2005, Lou Ann Arnold owned and operated an "uninsured/underinsured" motor vehicle on West New Haven Avenue at or near its intersection with Westover Drive in West Melbourne, Brevard County, Florida.

6. At that time and place, Lou Ann Arnold, the "uninsured/ underinsured motorist" negligently operated or maintained the motor vehicle so that it collided with a motor vehicle owned and operated by Plaintiff, DONNA R. BATCHELOR, directly and proximately causing injuries to Plaintiff, DONNA R. BATCHELOR, as hereinafter more particularly set forth.

7. At the time of the motor vehicle collision, the party responsible for causing the collision, Lou Ann Arnold, was an "underinsured motorist" in that she had liability insurance coverage below the amount of damages sustained by Plaintiff, DONNA R. BATCHELOR.

8. Plaintiff has obtained permission from Defendant, GEICO CASUALTY COMPANY, to settle with the "uninsured/underinsured" motorist for her available bodily injury liability policy limits. Further, Plaintiffs have received authorization from Defendant, GEICO CASUALTY COMPANY, to release the "uninsured/underinsured" motorist upon payment of the policy limits.

9. All conditions precedent to this cause of action have occurred.

10. The aforesaid policy of insurance was in full force and effect on the date of the motor vehicle accident in question and said policy provided uninsured/underinsured motorist coverage to Plaintiff, DONNA A. BATCHELOR, as a result of the aforesaid motor vehicle accident.

11. At the time and place of the motor vehicle accident described hereinabove, the operator of the motor vehicle which struck Plaintiff was an uninsured motor vehicle under the terms and conditions of the insurance contract issued to the Plaintiff by Defendant, GEICO CASUALTY COMPANY, in that the limits of bodily injury liability coverage on said vehicle at the time of the accident were less than the total damages for bodily injuries sustained by the Plaintiff, DONNA A. BATCHELOR.

COUNT I

Plaintiff, DONNA R. BATCHELOR, realleges paragraphs 1 through 11 above as if fully set forth herein.

12. As a direct and proximate result of the aforesaid negligence of Lou Ann Arnold, the "uninsured/underinsured" motorist, Plaintiff, DONNA R. BATCHELOR, was severely, significantly and permanently injured in and about her head, neck, body, limbs and nervous system; has been permanently and significantly scarred and/or disfigured; has incurred a significant and permanent loss of bodily functions; and has suffered an aggravation of a pre-existing condition. As a further direct and

proximate result of uninsured/underinsured's negligence, Plaintiff has suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, and will so suffer in the future. As a further direct and proximate result of said injuries, Plaintiff has in the past and will in the future be obligated to pay large sums of money for doctors' bills, hospital bills and other directly and indirectly related expenses in an effort to alleviate her suffering and cure her injuries. Plaintiff has also suffered a loss of earnings in the past as a result of her injuries and has incurred a diminishment of her earning capacity which will continue in the future. Plaintiff has in the past and will in the future be unable to lead and enjoy a normal life as a result of her injuries. All of Plaintiff's losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

13. Defendant, GEICO CASUALTY COMPANY, has failed and/or refused to provide Plaintiff, DONNA R. BATCHELOR, with compensation for damages proximately sustained as a result of the aforesaid motor vehicle accident.

WHEREFORE, Plaintiff, DONNA R. BATCHELOR, sues Defendant, GEICO CASUALTY COMPANY, a foreign corporation, and demands judgment for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest and further requests trial by jury of all issues triable as of right by jury.

**COUNT II - INSURANCE BAD FAITH**

Plaintiff, DONNA R. BATCHELOR, adopts and realleges all prior material paragraphs as if fully set forth herein.

14. Upon issuance or renewal of the aforesaid policy of insurance to the Plaintiff, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

15. Plaintiff has performed all conditions precedent to the bringing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to the Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Financial Services and to the Defendant. A copy of said Civil Remedy Notice is attached hereto as Exhibit "B". The Florida Department of Financial Services acceptance date of the Civil Remedy Notice was October 27, 2005. Additionally, the response by Defendant, GEICO CASUALTY COMPANY, that was copied to the Florida Department of Financial Services dated November 3, 2005 and attached hereto as Exhibit "C".

16. Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, DONNA R. BATCHELOR, and to attempt to settle the claim of Plaintiff when under all the circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest. Furthermore, Defendant owed good faith duties to Plaintiff, DONNA R. BATCHELOR, including:

a. to use toward Plaintiff the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business;

b. to make decisions with regard to both settlement and litigation in good faith and with due regarding for the interests of Plaintiff;

c. to timely investigate the claim;

d. to timely and properly evaluate the claim;

e. to initiate settlement negotiations with Plaintiff as liability against the tortfeasor was clear, and the damages suffered by Plaintiff were so serious that a judgment in excess of Plaintiff's policy limits was likely;

f. to timely and properly evaluate the exposure presented by Plaintiff's claim;

g. to settle if at all possible, where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so;

h. to settle the Plaintiff's claim against Defendant, GEICO CASUALTY COMPANY, for policy limits when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest;

i. to adopt and implement standards for the proper investigation of claims;

j. to acknowledge and act promptly upon communications with respect to claims; and

k. to properly notify its insured of any additional information necessary for the process of the claim.

17. All of the duties set forth above are fiduciary and non-delegable.

18. At all material times, Defendant knew or should have known that its $30,000.00 policy limits were inadequate to compensate Plaintiff for the serious and permanent injuries

sustained in the March 5, 2005 collision.

19. Defendant, GEICO CASUALTY COMPANY, is liable for the acts and omissions of its agents, servants and employees handling Plaintiff's claim against Defendant.

20. On April 29, 2011, a jury verdict was rendered against Defendant in the underlying action in the amount of $1,792,674.84 for Plaintiff, DONNA R. BATCHELOR.

21. Defendant breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiff's claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward it insured and with due regard for her interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and/or omissions:

a. improper handling of the claim;

b. refusing to settle the claim in a timely manner;

c. failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, the value of which were clearly in excess of the policy limits;

d. failing to promptly settle Plaintiff's claim when the obligation to settle the claim had become reasonably clear;

e. failing to use toward Plaintiff the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of its own business;

f. failing to exercise such control in handling the claim and in making decisions with regard to both settlement and litigation in good faith and with due regard for the interests of Plaintiff.

g. failing to timely investigate the claim;

h. failing to timely and properly evaluate the Plaintiff's claim against Defendant, GEICO CASUALTY COMPANY;

i. failing to initiate settlement negotiations with Plaintiff.

j. failing to settle the Plaintiff's claim where a reasonable, prudent person, faced with the prospect of paying the total recovery, would do so; and

k. failing to settle the Plaintiff's claim within Defendant, GEICO CASUALTY COMPANY'S, policy limits when it could and should have done so had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interest.

l. to adopt and implement standards for the proper investigation of claims;

m. to acknowledge and act promptly upon communications with respect to claims;

n. to properly notify its insured of any additional information necessary for the process of the claim;

o. misrepresenting pertinent facts and insurance policy provisions relating to the coverages at issue;

p. failing to clearly explain the nature of information eventually requested and the reasons why such information was necessary; and

q. failing to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its compromise offer of settlement.

22. Defendant also failed to cure the violations under Section 624.155, by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

23. All of the continuing acts of bad faith by the Defendant caused the Plaintiff damages, including but not limited to,

economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

24. Pursuant to Sections 627.727(10) and 624.155, Florida Statutes, in this action, Plaintiff is entitled to recover the full amount of damages caused by the negligence of the underinsured tortfeasor, including the amount of damages in excess of the $30,000.00 underinsured motorist policy limits. Plaintiff has obtained a verdict against Defendant, GEICO CASUALTY COMPANY, in the amount of $1,792,674.84.

25. The above-mentioned acts of Defendant required the Plaintiff to retain O. John Alpizar, Esquire, of Alpizar Law, LLC, to represent her in this action, and Plaintiff has agreed to pay them attorneys' fees for their services in this action and have agreed to reimburse them for costs advanced in the prosecution of this action.

26. Plaintiff seeks to recover its attorneys' fees against Defendant pursuant to the provisions of Sections 624.155 and 627.438, Florida Statutes.

WHEREFORE, Plaintiff, DONNA R. BATCHELOR, demands judgment, damages, costs, attorney's fees in both the underlying action and in the bad faith action, prejudgment and post-judgment interest on the full amount of the Verdict, and consequential damages against the Defendant, GEICO CASUALTY COMPANY, along with attorney's fees pursuant to Section 624.155, Florida Statutes, punitive damages pursuant to Section 624.155, Florida Statutes, and any other relief

this Court deems reasonable and just.

ALPIZAR LAW, LLC
1528 Palm Bay Road, N.E.
Palm Bay, FL 32905
(321) 676-2511

O. JOHN ALPIZAR
Florida Bar No. 0262765
Attorneys for Plaintiff