UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:11-cv-1071-RBD-GJK

DONNA R. BATCHELOR,

Plaintiff,

vs.

GEICO CASUALTY COMPANY,
A foreign corporation,

Defendant.

_______________________________/

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S PRETRIAL ORDER (DE 72)**

Plaintiff, DONNA R. BATCHELOR (hereinafter "BATCHELOR"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 72(a), hereby files her Objections to the Magistrate Judge's Pretrial Order dated March 4, 2014 (DE 72) and states as follows:

## I. INTRODUCTION:

1. This is an action for statutory bad faith claims handling practices brought pursuant to Florida Statute §624.155.

2. The pertinent events leading up to this action are set forth in Paragraphs 4 through 15 of BATCHELOR's Second Amended Complaint. (DE 66).

3. A jury impaneled in May 2011 reached a verdict in favor of the Plaintiff, BATCHELOR, and against the Defendant, GEICO, awarding BATCHELOR UM benefits in the amount of $1,792,674.84, an amount well in excess of GEICO's $30,000.00 policy limits.

4. A Final Judgment was entered in favor of BATCHELOR and against GEICO in the amount of $30,000.00, representing the $30,000.00 UM policy limits.

5. This action for statutory bad faith followed.

6. On March 4, 2014 Magistrate Kelly entered an Order (DE 72) granting GEICO's Motion to Compel BATCHELOR to answer certain interrogatories pertaining to her damages in the instant bad faith case. Such interrogatories request BATCHELOR to describe her injuries from and the physicians who treated her for the injuries which formed the basis for her underlying claim for UM benefits.

7. The practical effect of the Magistrate's Order is to require BATCHELOR to relitigate and prove her damages a second time.

8. Federal Rule of Civil Procedure 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

9. BATCHELOR respectfully submits that the Order at issue is clearly erroneous and is contrary to Florida law.

10. Relying on King and Harris, two non-binding decisions, the Magistrate concluded that BATCHELOR must prove the amount of her damages for a second time in the instant case, reasoning that GEICO would suffer prejudice as a result of not having the opportunity to challenge the damages awarded in the underlying verdict. (DE 72: p. 7).

11. However, this is clearly erroneous as GEICO not only had the opportunity to challenge but they did in fact challenge the damages awarded in the underlying verdict. As

noted in BATCHELOR's Response to GEICO's Motion to Compel Plaintiff's Answer to Interrogatories (DE 59), GEICO both moved for a new trial and appealed the underlying verdict, directly challenging the jury's damage award and evidentiary issues related to the damages presented at trial.[1] Florida's Fifth District Court of Appeals affirmed the underlying judgment, per curiam. Thus, unlike the appellate court in King, there is no indication that the Fifth District in GEICO v. Batchelor affirmed the judgment without reviewing the damages awarded in the verdict that were in excess of BATCHELOR's UM policy limits. Thus, under these facts, how is it that GEICO could possibly be prejudiced or deprived of any due process?

12. Moreover, § 627.727(10), Fla. Stat. plainly details the damages recoverable from a UM carrier in an action brought under § 624.155. Magistrate Kelly repeats the refrain found in King and Harris that the statute is silent as to how the finder of fact is to determine an insured's "total amount" of damages in a bad faith case. Pursuant to the statute, however, the total amount of the claimant's damages include "the amount in excess of the policy limits." This element of BATCHELOR's bad faith damages has already been established by trial and affirmed on appeal, as the identical parties previously litigated this identical issue.[2] Thus, issue preclusion undoubtedly applies to bar relitigation of the same exact issue.

13. Finally, Magistrate Kelly erroneously concluded that the Florida Supreme Court in State Farm v. LaForet, 658 So. 2d 55 (Fla. 1995), did not hold that the damages awarded in the verdict in the underlying UM case conclusively establishes the amount of damages in a subsequent bad faith case, despite the following passage:

---

[1] BATCHELOR attached GEICO's Initial and Reply Briefs as exhibits to her Response to demonstrate the issues GEICO raised on appeal.

[2] Indeed, Florida Standard Jury Instruction, 404.9 supports BATCHELOR's contention that this element of her bad faith damages has been previously established (Instruction 404.9 is attached hereto as Exhibit "A").

> "Section 627.727(10) provides that the damages recoverable from an uninsured motorist insurance carrier in a bad faith action brought under section 624.155 and the 1990 amendment thereto shall include the total amount of a claimant's damages, **including any amount in excess of the claimant's policy limits awarded by a judge or jury in the underlying claim.**" (Emphasis added).

14. For these reasons, BATCHELOR respectfully requests this Court to set aside the subject Order, deny GEICO's Motion to Compel and determine that BATCHELOR is not required to prove the "amount in excess of the policy limits" a second time.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 11, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to: MICHAEL T. BILL, ESQ., AMANDA KIDD, ESQ., ADAM A. DUKE, ESQ., Young, Bill, Roumbos & Boles, P.A., P.O. Drawer, Pensacola, FL 32591 aduke@flalawyer.net; akidd@flalawyer.net, aduke@flalawyer.net and JOHN ALPIZAR, ESQ., 1528 Palm Bay Rd, NE Palm Bay, FL, 32905, john@alpizarlaw.com.

LIGGIO BENRUBI, P.A.
1615 Forum Place, Suite 3-B
West Palm Beach, FL 33401
Telephone: 561-616-3333
Facsimile: 561-616-3266
jliggio@liggiolaw.com
rbenrubi@liggiolaw.com

BY: /s/Richard M. Benrubi
JEFFREY M. LIGGIO
Florida Bar No. 357741
RICHARD M. BENRUBI
Florida Bar No. 796573

2959/RMB/clr