**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DONNA R. BATCHELOR,

        Plaintiff,

v.                                                               Case No. 6:11-cv-1071-Orl-37GJK

GEICO CASUALTY COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Geico Casualty Company's Motion to Compel Plaintiff Responses to Interrogatories (Doc. 53), filed December 17, 2013;

2. Plaintiff's Response and Incorporated Memorandum of Law in Response to Geico Casualty Company's Motion to Compel Plaintiff Responses to Interrogatories (Doc. 59), filed January 13, 2014;

3. Geico's Reply and Memorandum of Law in Response to Plaintiff's Objection and Opposition to Geico's Motion to Compel (Doc. 63), filed January 27, 2014;

4. Magistrate Judge Gregory J. Kelly's Order Dated March 4, 2014 (Doc. 72), filed March 4, 2014;

5. Plaintiff's Objections to Magistrate Judge's Pretrial Order (DE 72) (Doc. 75), filed March 11, 2014;

6. Geico Casualty Company's Response to Plaintiff's Objection to Magistrate Judge's Pretrial Order (DE 72) (Doc. 79), filed March 25, 2014;

7. Plaintiff's Reply to Defendant's Response in Oppositon [sic] to Plaintiff's Objection to Magistrate's Pretrial Order (DE 72) (Doc. 86), filed April 8, 2014; and

8. Geico's Reply to Plaintiff's Objection and Opposition to Geico's Motion to Compel (Doc. 92), filed April 18, 2014.

Upon consideration, the Court finds that Plaintiff's objection to the Magistrate Judge's order is due to be sustained and that Defendant's motion to compel is due to be denied.

## BACKGROUND

In March 2005, Plaintiff was involved in a car accident. (Doc. 53, ¶¶ 1–2.) She was insured by Defendant under a $30,000 uninsured/underinsured motorist ("UM") policy. (*Id.* ¶ 1.) In December 2005, Plaintiff filed suit against Defendant in state court, seeking benefits under the policy. (*Id.* ¶ 3.) That suit was tried in April 2011; the jury returned a verdict finding that the other driver was negligent and that Plaintiff suffered damages of approximately $1.8 million. (*Id.* ¶ 4.) After the trial, Defendant moved the court to reduce the amount of the verdict to the policy limits in the judgment. (Doc. 59-1, p. 8.) The court granted the motion, entering judgment against Defendant in the amount of $30,000. (Doc. 53, ¶ 4.)

Plaintiff then amended her complaint to state a bad faith claim against Defendant. (*Id.*) Defendant removed the claim to this Court in June 2011. (Doc. 1.) This Court abated the case while Defendant appealed the underlying action. (Doc. 21.) In the appeal, Defendant primarily briefed and orally argued that the trial court erred in permitting certain testimony about damages. (Doc. 59-1, pp. 32–37, 43.) The Fifth District Court of Appeal affirmed per curiam, without opinion. (Doc. 59-3.) In July 2013, this Court lifted its stay

and this first-party bad faith action proceeded. (Doc. 33.)

In September 2013, Defendant served interrogatories seeking Plaintiff's response to a number of questions about her damages. (Doc. 53, ¶¶ 5–15.) Plaintiff objected on the ground that damages were tried and fixed in the underlying action and therefore that such information is irrelevant to this action. (*Id.*) Defendant moved to compel Plaintiff's responses, arguing that the underlying verdict did not determine the damages for this bad faith claim. (*Id.* at pp. 5–10 (citing *Harris v. Geico Gen. Ins. Co.*, No. 11-80552-CIV, 2013 WL 4463836, at *6 (S.D. Fla. Aug. 7, 2013) (Ryskamp, J.); *King v. Gov't Emps. Ins. Co.*, No. 8:10-cv-977-T-30AEP, 2012 WL 4052271, at *5 (M.D. Fla. Sept. 13, 2012) (Moody, J.); *Geico Gen. Ins. Co. v. Bottini*, 93 So. 3d 476, 476 (Fla. 2d DCA 2012) (Altenbernd, J., concurring)).) Plaintiff responded, and Defendant replied. (Docs. 59, 63.)

Magistrate Judge Gregory J. Kelly entered an order granting Defendant's motion to compel, relying on *Harris*, *King*, and the *Bottini* concurrence. (Doc. 72.) Plaintiff objected, contending that the Magistrate Judge's order was contrary to law. (Doc. 75.) Defendant responded, Plaintiff replied, and Defendant surreplied. (Docs. 79, 86, 92.) The Court heard oral argument on the objection. (Doc. 107.) This matter is now ripe for the Court's adjudication.

## STANDARDS

When a party objects to a magistrate judge's pretrial order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

**DISCUSSION**

In an action for UM benefits, the court is required to limit an excess verdict to the amount of the policy limits in the judgment. *See State Farm Mut. Auto. Ins. Co. v. St. Godard*, 936 So. 2d 5, 9 (Fla. 4th DCA 2006) ("[I]n the absence of a judicial finding of bad faith, in an action against an insurer for damages under a policy of insurance, a final judgment against the insurer cannot exceed the stated policy limits."); *see also Nationwide Mut. Fire Ins. Co. v. Voigt*, 971 So. 2d 239, 242 (Fla. 2d DCA 2008). District courts of appeal only have jurisdiction to hear appeals from final judgments and orders, *see* Fla. Const. art. 5, § 4(b)(1), and a jury verdict is not an appealable final order, *see Norm Burg Constr. Co. v. Jupiter Inlet Corp.*, 514 So. 2d 1102, 1105 (Fla. 1987).

Based on these principles, Defendant argues that state appellate courts do not have jurisdiction to review the amount of the excess verdict, and therefore, allowing the unreviewed excess verdict to be binding in this case denies Defendant due process. (Doc. 53, pp. 7–8.) For this proposition, Defendant relies primarily on Judge Altenbernd's concurrence to the Second District Court of Appeal's opinion in *Bottini*, in which he posits: "I am unconvinced that we have a scope of review that allows us to rule on issues that do not and cannot affect the judgment on appeal." 93 So. 3d at 478 (Altenbernd, J., concurring). This Court must respectfully disagree, as Judge Altenbernd's opinion—which is wholly unsupported by authority—is contrary to Florida law and, indeed, to the *Bottini* majority opinion itself.[1]

---

[1] The Court is also aware that two of its sister courts have written opinions on this issue accepting Defendant's position. *See Harris*, 2013 WL 4463836, at *8–9; *King*, 2012 WL 4052271, at *5–6. In *King*, Judge Moody relied primarily on the *Bottini* concurrence in determining that the defendant was denied due process. *See* 2012 WL 4052271, at *5. *Harris*, in turn, was decided by Judge Ryskamp largely on the basis of

The *Bottini* majority entered a per curiam affirmance with a brief opinion holding that "even if Geico were correct that errors may have affected the jury's computation of damages, in the context of this case and the amount of the judgment, any such errors were harmless." *Id.* at 476 (majority op.). Logic dictates that in order to hold an error harmless, one must consider it—and that is precisely what the majority did. Judge Altenbernd's concurrence thus improperly conflates a lack of jurisdiction with harmless error review.[2]

In fact, while parties may not appeal from verdicts, appellate courts can and regularly do consider potential errors in verdicts. For instance, orders granting remittiturs are reviewed for abuse of discretion; on review, the appellate courts must look at whether the verdict was so high as to be against the manifest weight of the evidence. *See, e.g.*, *Normius v. Eckerd Corp.*, 813 So. 2d 985, 988 (Fla. 2d DCA 2002). Similarly, orders granting judgment notwithstanding the verdict are reviewed de novo; there, appellate courts must look to whether any reasonable jury could have rendered the verdict. *See, e.g.*, *Duclos v. Richardson*, 113 So. 3d 1001, 1003–04 (Fla. 1st DCA 2013). In both of these instances, even though there is a judgment that is different than the verdict, the appellate courts can and must review the verdict and the evidence supporting the verdict to determine whether the judgment was appropriate—just as in *Bottini*, the majority had to review the verdict and potential errors affecting the verdict in order to find that those

---

the *King* decision. *See* 2013 WL 4463836, at *9. Because both of these opinions were predicated on the *Bottini* concurrence, which this Court finds to be contrary to law, the Court must respectfully disagree with its colleagues.

[2] Notably, this opinion did not garner the votes of his fellow judges and is thus not binding law in the Second District Court of Appeal or on this Court.

errors were harmless.[3] *See* 93 So. 3d at 476 (majority op.).

These cases demonstrate appellate courts' well-settled powers of plenary review. "[A]n appeal from a final order calls up for review all necessary interlocutory steps leading to that final order, whether they were separately appealable or not." *Saul v. Basse*, 399 So. 2d 130, 133 (Fla. 2d DCA 1981). Just because verdicts themselves are not appealable does not mean that appellate courts do not have jurisdiction to consider the verdicts in conducting plenary review of potential trial errors. They do; they must.

Thus, the Fifth District Court of Appeal in the instant case, presented with briefing and oral argument on potential errors affecting the jury's damages award, had jurisdiction to review those errors, even though the judgment was reduced to the policy limits. The appellate court rejected those arguments and affirmed.[4] This Court cannot discern any due process violation from this procedural posture. Defendant fully litigated the issue of the extent of Plaintiff's damages, argued that issue on appeal, and obtained a ruling from the appellate court.[5] It has received all of the process to which it is due.

---

[3] The Court notes, though, that if appellate courts are merely giving lip service to the review of damages—that is, holding potential errors harmless simply because the verdict amount is huge in comparison to the policy limits—then that may indeed give short shrift to defendants' due process. The thought gives the Court pause, but this circumstance has not been shown here.

[4] The fact that the affirmance was per curiam does nothing to convince the Court that Defendant's arguments were not fully reviewed. *See Elliott v. Elliott*, 648 So. 2d 137, 138–39 (Fla. 4th DCA 1994) ("The notion that an appellate practitioner would view a per curiam disposition, without opinion, as lacking in a meaningful review is absolutely astounding.").

[5] The Court notes that its holding is specifically limited to these facts. Had Defendant not appealed the issue of damages, or had the appellate court explicitly noted that it refused to consider potential errors affecting the jury's verdict on jurisdictional grounds, the outcome might have been different. *Cf. Harris v. Geico Gen. Ins. Co.*, No. 13-14171-FF, 2013 WL 6909993, at *41–42 (11th Cir. Dec. 26, 2013) (in the appellant's initial brief, arguing that the insurer did not appeal the underlying UM case and so waived due process).

Defendant further contends that issue preclusion (also known as collateral estoppel) does not bind it to the underlying verdict because the verdict is not a final judgment. (Doc. 53, p. 9.) The Court need not resort to that judicial doctrine, however. Rather, the Florida Statutes and Florida Supreme Court case law mandate that the underlying verdict fixes the total amount of damages in the later bad faith claim.

Florida Statutes § 627.727 provides: "The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the *total amount* of the claimant's damages, *including the amount in excess of the policy limits* . . . ." Fla. Stat. § 627.727(10) (emphasis added). The Florida Supreme Court has held: "Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the *extent of the plaintiff's damages*, a cause of action cannot exist for a bad faith failure to settle." *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) (emphasis added). The "extent of the plaintiff's damages" is thus a necessary element of successfully pleading a first-party bad faith claim. *See Porcelli v. OneBeacon Ins. Co.*, 635 F. Supp. 2d 1312, 1316 (M.D. Fla. 2008).

If the extent of Plaintiff's damages were not fixed by the jury's verdict in the underlying claim, then there would be no way for her to plead the instant claim. To hold that the verdict is not binding would therefore utterly gut statutory first-party bad faith claims, which the Court cannot do. *See Overman v. State Bd. of Control*, 62 So. 2d 696, 701 (Fla. 1953) ("The court's function is to find ways within the terms of the act to carry out the purpose of the legislature.").

Existing precedent of the Florida Supreme Court strongly suggests that it would rule the same way, though it has not yet been presented squarely with this issue. It has

7

stated (albeit in dicta) that "the damages recoverable from an uninsured motorist insurance carrier in a bad faith action . . . shall include the total amount of a claimant's damages, including any amount in excess of the claimant's policy limits awarded by a judge *or jury* in the *underlying claim.*" *State Farm Mut. Auto. Ins. Co. v. LaForet*, 658 So. 2d 55, 56–57 (Fla. 1995) (emphasis added). This language, though not the holding, firmly supports the notion that the Florida Supreme Court would find the verdict in the underlying claim to be binding.

Similarly, the statute that created first-party bad faith claims states: "The damages recoverable pursuant to this section . . . may include an *award or* judgment in an amount that exceeds the policy limits." Fla. Stat. § 624.155(8) (emphasis added); *see also* Fla. Stat. § 627.727(10) (citing Fla. Stat. § 624.155). Just as the *Laforet* dicta posits that the damages amount should be fixed by the jury's award in the underlying claim, so too does this statutory language. Defendant's position would improperly read the words "award or" out of the statute. If the legislature intended only for the amount of a *judgment* to establish the damages, those words would be superfluous. Instead, as written, the statute contemplates that an excess verdict awarded by a jury (even if not encapsulated in the judgment) is recoverable in a subsequent bad faith claim. The Court's holding is therefore compelled by a fair reading of the relevant statutes and existing precedent.

Freed of constitutional infirmity, policy considerations are, of course, the concern of the legislature. That said, the Court nevertheless finds the policy implications of Defendant's position quite troubling. Forcing plaintiffs to relitigate their damages in first-party bad faith actions would have serious ramifications, including: running the almost-certain risk of inconsistent verdicts; potentially raising comity issues between state and

federal courts; creating a discrepancy (surely unintended and definitely illogical) between first- and third-party bad faith claims; placing an inexplicable burden on plaintiffs to prove their cases twice; and causing a great deal of judicial inefficiency. *Cf. Safeco Ins. Co. of Ill. v. Fridman*, 117 So. 3d 16, 29–30 (Fla. 5th DCA 2013) (Sawaya, J., dissenting) (opining, in a different procedural posture, on the negative repercussions of giving insurers a second bite at the damages apple). These perturbing consequences lend further credence to Plaintiff's position.

Because Magistrate Judge Kelly's order relied on *King* and *Harris*[6]—which themselves were premised on the faulty logic of the non-binding *Bottini* concurrence, *see supra* note 1—the Court finds that it is contrary to law and must be reversed. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Plaintiff's damages were fixed by the verdict in the underlying action; the information that Defendant's interrogatories sought about those damages is thus irrelevant to this action. *See* Fed. R. Civ. P. 26(b)(1); *Smith v. BP Am., Inc.*, 522 F. App'x 859, 862–63 (11th Cir. 2013). Plaintiff's objections are therefore due to be sustained, and Defendant's motion to compel is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Objections to Magistrate Judge's Pretrial Order (DE 72) (Doc. 75) are **SUSTAINED**.

2. Magistrate Judge Gregory J. Kelly's Order Dated March 4, 2014 (Doc. 72) is **REVERSED**.

---

[6] The Court notes that this issue is currently pending before the U.S. Court of Appeals for the Eleventh Circuit on appeal from the *Harris* district court opinion, *Harris v. GEICO Gen. Ins. Co.*, No. 13-14171-FF (11th Cir. Mar. 3, 2014). *See also supra* note 5.

3. Geico Casualty Company's Motion to Compel Plaintiff Responses to Interrogatories (Doc. 53) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 9, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Magistrate Judge Gregory J. Kelly