**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DONNA R. BATCHELOR,

        Plaintiff,

v.                                    Case No. 6:11-cv-1071-Orl-37GJK

GEICO CASUALTY COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Magistrate Judge Kelly's Order (Doc. 108), filed June 4, 2014; and

2. Geico's Objection to Magistrate Judge's Order on Plaintiff's Motion to Compel Productions of Documents (Doc. 110), filed June 18, 2014.

**BACKGROUND**

This action is presently before the Court concerning Plaintiff's request that Defendant produce records of any "investigation pertinent to the accident, the parties, [and] coverage available to [Plaintiff] from March 5, 2005 through the date of the Final Judgment [October 10, 2011]." (Docs. 77; *see also* Doc. 77-2.) Defendant objected on numerous grounds—including work product and attorney client privilege. (Doc. 77, ¶ 7; Doc. 77-3.) Defendant produced a privilege log on November 5, 2013. (Doc. 77, ¶ 8.)

Plaintiff filed a motion to compel production of documents and for an *in camera* inspection of the documents withheld by Defendant on the basis of attorney client privilege. (*Id.* ¶ 10.) Defendant opposed (Doc. 84), and on June 4, 2014, Magistrate Judge Gregory J. Kelly entered an Order denying Plaintiff's request for an *in camera* inspection,

granting Plaintiff's request for production of documents, and directing Defendant to supplement its privilege log with additional information. (Doc. 108.)

Defendant objected to the portion of the Order requiring it to supplement its privilege log (Doc. 110); however, it produced a supplemental privilege log nonetheless (Doc. 110-1). In its objection, Defendant argues that the Order: (1) requires Defendant "to reveal the substance of attorney-client communications"; (2) "imposes and undue burden" on Defendant; (3) requires disclosure of information "that cannot be reasonably ascertained" by Defendant; and (4) requires Defendant to "provide more information than is necessary to allow Plaintiff to assess the applicability of [the] privilege." (Doc. 110, p. 4.) Plaintiff did not respond to Defendant's objection, and the time for doing so has passed. *See* Local Rule 3.01(b). The matter is now ripe for the Court's adjudication.

## STANDARD

When a party objects to a magistrate judge's pretrial order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

As the party asserting the privilege, Defendant has the burden to provide "sufficient evidence for a determination with respect to its claim of privilege." *St. Joe Co. v. Liberty Mut. Ins. Co.*, No. 3:05-cv-1266-J-25MCR, 2006 WL 3391208, at *3 (M.D. Fla. Nov. 22, 2006). The information required by Magistrate Judge Kelly's Order is consistent with the issues pertinent to claims of privilege. *See Bozeman v. Chartis Cas. Co.*, No. 2:10-cv-102-FtM-36SPC, 2010 WL 4386826, at *3–4 (M.D. Fla. Oct. 29, 2010)

(requiring additional supplementation of privilege log submitted in insurance dispute). Further, Defendant has not persuaded the Court that Magistrate Judge Kelly's Order imposes an undue burden.[1] *See Pensacola Firefighters' Relief Pension Fund Bd. of Trs. v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 593 (N.D. Fla. 2010) (rejecting argument that creation of privilege log was an undue burden). Therefore, the Court finds that Magistrate Judge Kelly's Order directing Defendant to supplement its privilege log is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Geico's Objection to Magistrate Judge's Order on Plaintiff's Motion to Compel Production of Documents (Doc. 110) is **OVERRULED**.

2. Magistrate Judge Kelly's Order (Doc. 108) is **AFFIRMED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 16, 2014.

_____
ROY B. DALTON JR.
United States District Judge

---

[1] The Court notes that Defendant has already produced an amended privilege log, and the Court accepts Defendant's representation that the document reflects a good faith effort to comply with the Magistrate Judge's Order. (Doc. 111.) The Court further notes that Plaintiff has not sought additional relief from the Court in relation to the Order or the supplemental privilege log.

Copies:

Counsel of Record

Magistrate Judge Kelly