**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DONNA R. BATCHELOR,

        Plaintiff,

v.                                                        Case No. 6:11-cv-1071-Orl-37GJK

GEICO CASUALTY COMPANY,

        Defendant.

**ORDER**

This cause is before the Court on the following matters:

(1) Plaintiff's Motion to Compel and/or for an In-Camera Inspection and for Sanctions (Doc. 275), filed March 14, 2016; and

(2) Geico's Response in Opposition to Plaintiff's Motion to Compel and for Sanctions (Doc. 276), filed March 31, 2016.

**BACKGROUND**[1]

This insurance bad faith action is currently set to be retried during the August trial term. (*See* Doc. 297.) A retrial is required because Geico's litigation misconduct prevented Plaintiff from fully and fairly presenting her case to the jury at the first trial. (*See* Doc. 267 ("**New Trial Order**"), pp. 36–40; *see also* Doc. 291, pp. 11–12, 36.) The prejudicial misconduct was initially revealed at trial when Geico elicited false testimony from its own attorney ("**Formella Testimony**"). (*See* Doc. 267, p. 4; Doc. 201, p. 3.) Plaintiff promptly objected and advised the Court that the Formella Testimony was

---

[1] Given the interim nature of this Order and the extensive procedural and factual background set forth in the Court's prior Orders, the Court provides an abbreviated Background section. (*See* Doc. 267, pp. 1–32; *see also* Doc. 136.)

contradicted by a privileged document that Geico inadvertently disclosed during discovery ("**$20K Communication**"). Upon a necessarily limited review, the Court agreed with Plaintiff that the $20K Communication directly contradicted the Formella Testimony and found that Geico had waived its attorney client communication privilege ("**ACCP**") concerning Plaintiff's claim for underinsured motorist benefits ("**Waiver Finding**").

After a post-trial hearing (Doc. 266 ("**First PTH**")) and *in camera* review of the waived documents,[2] the Court determined that Geico's litigation misconduct also included: (1) withholding and redacting non-privileged material during discovery based on improper assertions of ACCP; (2) submitting false statements to the Court during discovery to avoid *in camera* inspection of its improperly withheld and redacted documents; (3) eliciting the false Formella Testimony; and (4) substantially prejudicing Plaintiff's case by using ACCP as a sword at trial after aggressively employing it as a shield in discovery. (*See* Doc. 267, pp. 7–9, 16–17, 23–25, 34–40, n.49; *see also* Doc. 291, pp. 11–12, 35–36.) The Court further determined that a fair retrial would not be possible until Plaintiff had access to all of Geico's improperly withheld and waived documents. (*See* Doc. 270 ("**Production Order**"), p. 2.) Thus, the Production Order required Geico to produce to Plaintiff:

(1) Unredacted copies of all documents identified on Geico's pre-trial amended privilege log ("**Pre-Trial APL**") (Doc. 110-1);

(2) Unredacted copies of all documents that Geico [had] not yet produced to Plaintiff that are responsive to Plaintiff's First Request for Production to Defendant (Doc. 77-2), including but not limited to the following:

    (a) Geico's claim file for claim number 0100106910101044;

---

[2] (*See* Docs. 189, 190, 197, 199; *see also* Docs. 182, 197.)

2

      (b)    Geico's claim file and litigation file for claim number 0100106910101025; and

      (c)    All files for claim number 0100106910101025 which were created or maintained by [Formella,] Lori Nazry Ross, and/or the Law Office of Stephen L. Lanoso ("**Retained Counsel**"). (See Docs. 182, 197, 199.)

(*See* Doc. 270.) The *only* limitation on these production obligations concerned documents dated or created after October 10, 2011 ("**State End Date**"). (*See* Doc. 270, p. 1.)

On December 4, 2015, Geico produced documents from: (1) Geico's Regional Claim File ("**RC File**") at Bates numbers GLC 1 through GLC 611; (2) Geico's Claims Home Office Legal File ("**GHOC File**") at Bates numbers GHOC 1 through GHOC 541; (3) Geico's Extracontractual Regional File ("**ECRO File**") at Bates numbers ECRO 1 to ECRO 1395; and (4) Geico's Extracontractual Home Office File ("**ECHO File**") at Bates numbers ECHO 1 through ECHO 448 (collectively, "**PT Production**"). (*See* Doc. 273; Doc. 275, pp. 5–6.) Geico also produced a forty-two page amended privilege log ("**Second APL**"), which combined Geico's own thirty-two page privilege log with a ten page privilege log describing certain documents in the possession of Geico's attorneys in this action—Young, Bill, Roumbus & Boles, P.A. ("**YPL**")—("**YPL Documents**"). (*See* Docs. 273, 275-1.)

On March 14, 2016, Plaintiff moved: (1) for *in-camera* inspection of the YPL Documents; (2) to compel production of improperly withheld documents listed on the Second APL; and (3) for entry of a default judgment against Geico as a sanction for Geico's "willful" violations of the Production Order ("**March Motion**"). (*See* Doc. 275.) Geico responded (Doc. 276 ("**Response**")), and—after another hearing (*see* Docs. 279, 291 ("**Second PTH**"))—the Court directed Geico to submit the YPL Documents for *in*

*camera* review. (*See* Doc. 281.) On May 11, 2016, Geico provided the Court with Bates-stamped copies of the YPL Documents and filed a Third Amended Privilege Log ("**Third APL**"), which included the new Bates numbering. (*See* Docs. 282, 282-1.)

Upon consideration of the Third APL and *in camera* review of the documents identified thereon, the Court finds that the March Motion is due to be granted in part and denied in part.[3] As detailed below, the Court will compel Geico to produce additional documents to Plaintiff on or before **Wednesday, July 6, 2016**.

## DISCUSSION

**I.    Document Production**

According to the Response, the Court should deny the March Motion in its entirety because: (1) the March Motion was improperly filed because Plaintiff did not comply with Local Rule 3.01(g); (2) Plaintiff's request for sanctions and its arguments concerning pre-trial discovery misconduct are foreclosed by the New Trial Order; (3) Geico properly withheld non-responsive and privileged documents from the PT Production; and (4) although the Second APL included minor errors and Geico inadvertently withheld a few responsive documents, it has corrected these errors. (*See* Doc. 276.) Finally, Geico assured the Court that it "has not engaged in any improper conduct with respect to the discovery in the instant action." (*See id.* at 17–21; *see also* Doc. 291.)

---

[3] Because the Court reviewed the withheld documents and the YPL Documents *in camera*, to the extent that the March Motion requests *in camera* review, it is due to be denied as moot. Further, *in camera* review of the YPL Documents confirm that they either are not discoverable or are not responsive. Thus, the March Motion also is due to be denied to the extent that it seeks production of the YPL Documents.

The Court rejects Geico's first two arguments.[4] Only jaundiced eyes bathed in Lethe could—as Geico does—read the New Trial Order as a victory for it based on purported findings that: (1) "GEICO properly asserted" ACCP prior to trial; and (2) no sanctions of any kind should be imposed on Geico. (*See* Doc. 276, pp. 4–5, 17.) The Court made no such findings.[5] To the contrary, the Court has consistently and repeatedly found that Geico's conduct in discovery was improper and resulted in prejudice to Plaintiff. (*See* Doc. 267, pp. 7–9, 16–17, 23–25, 34–40, n.49; *see also* Doc. 291, pp. 11, 12, 35, 36 (noting that many of Geico's pre-trial redactions to its "A-log" were not "justified").)

The Court also rejects Geico's third argument. Importantly, the New Trial and Production Orders were entered so that: (1) Plaintiff would have a fair opportunity to present her claim to a jury; (2) Geico would reap no reward for prejudicing Plaintiff and causing unfair and wasteful judicial proceedings; and (3) Geico would be deterred from future litigation misconduct. (*See* Doc. 267, p. 5 n.20; Doc. 271, pp. 5–8 (discussing Plaintiff's post-trial discovery needs); *see also* Doc. 291, pp. 35–36 (explaining that the Court intended to sanction Geico for its litigation misconduct).) Apparently indifferent to such concerns, Geico again denied Plaintiff access to discoverable documents based on its own view that the documents do "not pertain to coverage, benefits, or damages stemming from" the Plaintiff's claim for underinsured motorist benefits. (*See* Doc. 276.)

---

[4] Although displeased with the attorneys' respective recitation of the events that preceded filing of the March Motion, the Court declines to deny the March Motion based on Plaintiff's purported violation of Local Rule 3.01(g). (*See* Doc. 291.)

[5] When the New Trial Order was briefed by the parties, Plaintiff did not yet have access to the PT Production; thus, she could hardly be expected to fully and fairly brief the ultimate sanctions issue. Thus, the New Trial Order addressed only Plaintiff's limited and specific request for the sanctions of default judgment "and an award of all attorney's fees and costs" (*see* Doc. 218, pp. 1, 14). (*See* Doc. 267.)

5

Notably, the Court lacks confidence in "Geico's representations" in this action—particularly, "anything that Geico might say with respect to what is or is not" in its files.[6] (Doc. 291, pp. 12–13; *id.* at 36 ("Geico has lost credibility in this case with respect to what they call things," and "how they categorize, classify, and file" their records).) Accordingly, after conducting another *in camera* review of the withheld documents, the Court finds that Geico should have included the following documents in its Post-Trial Production:

>  ECRO 0006 through ECRO 0013;
> 
>  ECRO 0015 through ECRO 0016;
> 
>  ECRO 0022 through ECRO 0026;
> 
>  ECRO 0669 through ECRO 0675;
> 
>  ECRO 0677 through ECRO 0690;
> 
>  ECRO 0692;
> 
>  ECRO 0698 through ECRO 0699;
> 
>  ECRO 0701 through ECRO 0744;
> 
>  ECRO 1406; and
> 
>  ECRO 1421.

Subject to limited redactions, Geico also should have produced ECRO 0693 through ECRO 0697 and ECRO 0691.

---

[6] Geico's independent relevance determinations are based on: (1) narrow readings of the Court's Waiver Finding and Production Order, and (2) interpretations of Florida Supreme Court decisions—*Provident Life & Accident Insurance Co. v. Genovese*, 138 So. 3d 474 (Fla. 2014) and *Allstate Indemnity Co. v. Ruiz*, 899 So. 2d 1121 (Fla 1992). Geico's analysis is particularly inapt here because *Genovese* and *Ruiz* are irrelevant to Geico's current production obligations, and the Court previously rejected Geico's tortured interpretation and application of these cases.

## II. Sanctions

Geico's response to Plaintiff's request for sanctions adheres to it modus operandi of denying and downplaying the Court's findings,[7] while insisting that it is faultless[8] and Plaintiff is debauched.[9] Although perplexed and concerned by Geico's response, the Court declines to entertain the distinct and complex issue of what sanctions—if any—should ultimately be imposed on Geico for its extensive and apparently ongoing litigation misconduct.[10]

## ADDITIONAL PROCEEDINGS

Previously, the Court granted the parties' motion to extend the expert report deadline (Doc. 278) and vacated the deadline previously set (Doc. 274). (Doc. 281.) Although the Court has granted the March Motion in part and directed Geico to produce

---

[7] For instance, Geico notes that the Court denied Plaintiff's requests for mistrial while ignoring the Court's subsequent disavowal of that decision. (*Compare* Doc. 276, p. 3, *with* Doc. 267, p. 5 (stating that it "should have granted" mistrial).) Geico also inexplicably denies that the Court has found that the Formella Testimony was false. (*Compare* Doc. 276, p. 17, *with* Doc. 267, p. 36, n.46 (finding that the "falsity" of the Formella Testimony appeared "to be supported by a preponderance of the evidence"); *see also* Doc. 182, p. 1 (noting "good cause" for Plaintiff's concern that Geico elicited false testimony from Formella).)

[8] (*See* Doc. 267, p. 17 (insisting that "GEICO has not engaged in any sanctionable . . . or improper conduct with respect to the discovery in this action"); *id.* at 18 (asserting that "GEICO's conduct has neither been unreasonable nor vexatious").)

[9] (*See* Docs. 234, 235, 237; *see also* Doc. 276, pp. 7, 17–18 (describing as "simply unfounded" the Plaintiff's arguments that Geico's has not complied with the Court's Orders and Rules).) In a cunning combination of these techniques, Geico characterizes the March Motion as a backlash to Plaintiff's purported recognition that the PT Production fully supports Geico's defense. (*See* Doc. 276, p. 6.)

[10] Because the Court denied the March Motion in part, sanctions are not required by Federal Rule of Civil Procedure 37(a)(5)(A). Although the Court has discretion to impose an apportioned sanction pursuant to Rule 37(a)(5)(C), it declines to do so at this time as it would unnecessarily divert focus and resources away from preparation for the upcoming trial. If and when sanctions are finally addressed, this Order will certainly be pertinent to any determination.

additional documents, the Court finds that no additional fact discovery is warranted, and the parties should be able to complete expert discovery within a month of the deadline for Geico's additional production. Unfortunately, the extension will place the expert discovery deadline in early August—which is when the trial is set. Given this fact, the Court will move the trial back one more month—to September 2016. Only the most extraordinary circumstances would justify another extension; accordingly, the Court does not anticipate that either party will file a motion to extend the final deadlines set in this Order.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

(1) Plaintiff's Motion to Compel and/or for an In-Camera Inspection and for Sanctions (Doc. 275) is **GRANTED IN PART AND DENIED IN PART**.

   (a) To the extent *in camera* inspection of documents is requested, the Motion (Doc. 275) is **DENIED AS MOOT**.

   (b) To the extent an award of sanctions is requested, the Motion (Doc. 275) is **DENIED WITHOUT PREJUDICE**.

   (c) To the extent an order compelling production of documents is requested, the Motion (Doc. 275) is **GRANTED** as set forth below in paragraphs (2) and (3).

   (d) In all other respects, the Motion (Doc. 275) is **DENIED**.

(2) On or before **July 6, 2016**, Geico is **DIRECTED** to produce the following documents:

   ECRO 0006 through ECRO 0013;
   ECRO 0015 through ECRO 0016;
   ECRO 0022 through ECRO 0026;

>   ECRO 0669 through ECRO 0675;
>   ECRO 0677 through ECRO 0690;
>   ECRO 0692;
>   ECRO 0698 through ECRO 0699;
>   ECRO 0701 through ECRO 0744;
>   ECRO 1406; and
>   ECRO 1421.

(3) On or before **July 6, 2016**, Geico is **DIRECTED** to produce redacted versions of ECRO 0693 through ECRO 0697 and ECRO 0691. In a brief *ex parte* communication, the Court will advise counsel for Geico of the permitted redactions for each of these documents.

(4) On or before **July 20, 2016**, Plaintiff may serve any amended expert reports or disclosures.

(5) On or before **July 29, 2016**, Defendant may serve any amended expert reports or disclosures.

(6) On or before **August 8, 2016**, the parties shall complete any additional expert discovery.

(7) A Final Pretrial Conference is set for 10:00 a.m. on **August 18, 2016**.

(8) A Jury Trial will commence in the September trial term, which commences on **September 6, 2016**.

(9) If Geico fails to comply with this Order in all respects, the Court will consider whether it should impose the most severe sanction of default judgment against Geico in lieu of the retrial.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 29, 2016.

<3


ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

<3
<3
<3
<3
<3
<3
<3
<3
<3
<3
<3
<3
<3
<3
<3
<3
<3